**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
BRANDON PADGETT,

                       Plaintiff,

   -against-

LONG ISLAND BUSINESS INSTITUTE, INC.,
KEITH BROTHERSON,
JONATHAN AYBAR,
WILLIAM CHUNG,
and MONICA FOOTE,

                       Defendants.

-----------------------------------------------------------X

Case No.: 1:19-cv-3666

**COMPLAINT**

Plaintiff Demands a
Trial by Jury

Plaintiff, BRANDON PADGETT, by and through his attorneys, DEREK SMITH LAW GROUP, PLLC, hereby complains against Defendants as follows:

## NATURE OF THE CASE

1. Plaintiff BRANDON PADGETT brings this action pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. § § 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII"), the Administrative Code of the City of New York and the laws of the State of New York, seeking declaratory relief and damages to redress the injuries Plaintiff has suffered as a result of gender discrimination, sexual orientation discrimination, hostile work environment and retaliation at the hands of the Defendants.

## JURISDICTION AND VENUE

2. This Court has jurisdiction based on 42 U.S.C § 2000e-5(f)(3) and 28 U.S.C §§ 1331 and 1343 and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

3. Plaintiff has satisfied all administrative prerequisites and is filing this action within ninety (90) days of receiving his Right to Sue Letter pursuant to 29 CFR § 1601.28.

4. Venue is proper in this District based upon Defendants' residency and place of business within Queens County, State of New York, within the Eastern District of New York under 28 U.S.C. § 1391(b) and proper under 42 U.S.C § 2000e-5(f)(3).

## PARTIES

5. At all times material, Plaintiff BRANDON PADGETT ("Plaintiff" or "PADGETT") is an individual, sexually non-binary male.

6. At all times material, Defendant LONG ISLAND BUSINESS INSTITUTE, INC. ("LIBI") was and is a domestic business corporation duly existing by the virtue and laws of the State of New York.

7. At all times material, Defendant KEITH BROTHERSON ( "BROTHERSON") was and is employed by LIBI as Admissions Director.

8. At all times material, BROTHERSON held supervisory authority over Plaintiff, including the ability to hire and fire Plaintiff and direct Plaintiff's job duties.

9. At all times material, JONATHAN AYBAR ("AYBAR") was and is employed by LIBI and held supervisory authority over Plaintiff.

10. At all times material, WILLIAM CHUNG ("CHUNG") was and is employed by LIBI and held supervisory authority over Plaintiff.

11. At all times material, MONICA FOOTE ("FOOTE") was and is employed by LIBI and held supervisory authority over Plaintiff.

## STATEMENT OF FACTS

12. On or about November 1, 2017, Defendants hired PADGETT as an Admissions Counselor.

13. As an Admissions Counselor, PADGETT would enroll students in Defendants' General Educational Development (GED) and Associates Degree programs.

14. On or about November 15, 2017, Plaintiff interviewed Ms. SAVANNA BENNETT. Plaintiff politely asked BENNETT to pull up her pants, as part of her backside was showing. Defendant BROTHERSON almost immediately told Plaintiff "why did you tell her to pull up her pants? She knows what she's doing, she wants people to look!"

15. Later that day, Defendant BROTHERSON commented to Plaintiff that "girls like that get what they want if they really want it. They just have to sleep with a couple of guys. It's the lifestyle they choose."

16. On or about November 20, 2017, Defendant BROTHERSON asked inappropriate questions to Defendants' applicant TALITHA DUKES. BROTHERSON asked DUKES, among other things, "How long have you been lesbian?" "How are you lesbian with a 16 year-old?" "How long have you been together with your significant other?" "Do you [and your partner] live together?" After asking these questions, BROTHERSON stated to PADGETT that the applicants "home life is important" in determining how serious they are about school. PADGETT did not see a legitimate reason to ask questions about an applicant's sexual orientation or the connection between sexual orientation and an applicant's "home life."

17. On or about December 15, 2017, PADGETT asked Defendant's student NAKIA SIMMONS why he did not see her in his office anymore. SIMMONS stated because BROTHERSON "is

a creep." SIMMONS then recounted that BROTHERSON had asked her if she had a boyfriend and told her that she needed to arch her back while having sex with her boyfriend in order to "keep a man." Disgusted and distrubted by the questions, PADGETT accompanied SIMMONS to Defendants' Assistant to the President JONATHAN AYBAR's ("AYBAR") office to report the sexual harassment. Within, AYBAR asked PADGETT "do you feel as though other females are victims of this alleged behavior?" PADGETT told AYBAR "yes."

18. Subsequently, PADGETT helped 6 other female students report Defendants' Director BROTHERSON's on-going sexual harassment.[1]

19. On or about December 18, 2017, Defendants' Director BROTHERSON held a meeting with the admissions department, stating "**the culture at the admissions department will not change. If you have an issue you are free to leave because I am not changing**." PADGETT was hurt by his supervisor's intimidating statement and feared speaking out against unlawful activity.

20. On or about December 18, 2018, due to BROTHERNSON's threats and intimidation, PADGETT requested a transfer with Defendants' Assistant to the Principal AYBAR and Assistant Director of Admissions JANE LIN ( "LIN"). However, the request was denied.

21. Before seeking a transfer, PADGETT witnessed other employees apply for and be granted transfers to other locations without issue.

22. On or about December 20, 2018, PADGETT became the target of discriminatory comments from Defendants' Director BROTHERSON. On that day, PADGETT was wearing a pair of shoes with fur trim. BROTHERSON asked PADGETT, "Why are you wearing those shoes? Those are females' shoes." PADGETT ignored the comment.

---

[1] The women are Nakia Simmons, Talitha Dukes, Damaris Bennett, Savanna Bennett, Lady Zamora, and Shana Williams.

23. Later that same day, Defendants' Security Guard DEREK HASKINS told PADGETT that BROTHERSON stated, "[PADGETT] has to be a fag to wear those shoes because men don't wear those. He is such a bitch."

24. PADGETT immediately reported the discriminatory comments to Defendants' Assistant to the President AYBAR. AYBAR assured PADGETT that he would report the matter to the President and that she would handle it. Additionally, PADGETT completed an incident report through Defendant's website.

25. On or about February 12, 2018, PADGETT informed Defendants' Assistant to the President AYBAR that BROTHERSON was spreading rumors about his sexuality to Defendnats' faculty and staff. In response, AYBAR took no reasonable or immediate action.

26. On or about February 17, 2018, Defendants' Director BROTHERSON began to exclude PADGETT from work meetings. Additionally, BROTHERSON began to throw paper at PADGETT while he was at his desk.

27. Once again, PADGETT complained to Defendant's Assistant to the President AYBAR. AYBAR stated that he was not able to assist PADGETT with the ongoing hostile work environment. AYBAR then directed PADGETT to go to Defendants' Supervisor WILLIAM CHUNG (hereinafter referred to as "CHUNG") to file a complaint. AYBAR then told PADGETT he would have to have "**thicker skin to work in this industry**."

28. Thereafter, PADGETT spoke with Defendants' Supervisor CHUNG. CHUNG told PADGETT to report any further incidents to him. CHUNG then told Plaintiff that Plaintiff had to continue to report to BROTHERSON.

29. On or about February 26, 2018, PADGETT met with Defendants' Assistant to the Principal AYBAR. At the meeting, PADGETT intended to give his resignation due to the on-going hostile work enviornment and retaliation. PADGETT told AYBAR he was frustrated that no

      action had been taken regarding the reports of discrimination and retaliation. AYBAR told PADGETT not to resign and instead to speak with Defendants' President MONICA FOOTE ("FOOTE").

30. That same day, PADGETT met with FOOTE and told FOOTE about the comments BROTHERSON was making and the acts of retaliation BROTHERSON was subjecting PADGETT to. FOOTE stated "I cannot believe that this is happening, I knew of very little incidences that were occurring in that department but not to this magnitude." FOOTE then excused BROTHERSON's behavior stating, "**admissions has a mind of its own, legally I do not have authority over the admission's department. It's this funny line that I cannot cross.**" However, FOOTE told PADGETT "not to worry" and advised PADGETT not to quit. FOOTE stated she and CHUNG would meet with PAGDETT at 9:00 AM the next day to discuss the matter further.

31. On or about February 27, 2018, PADGETT arrived to work expecting to meet with FOOTE and CHUNG.

32. Thereafter, at or around 10:00 AM, Defendants' Manager RONALD MURRAY told Plaintiff he was terminated and demanded that Plaintiff leave the building immediately. Thereafter, MURRAY escorted PADGETT off the premises.

33. As Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages against Defendant.

34. As a result of Defendant's discriminatory and intolerable treatment, Plaintiff suffered and continues to suffer severe emotional distress and physical ailments.

35. As a result of Defendant's actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

36. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

37. The above are just some of the examples of unlawful, discriminatory, and retaliatory conduct to which Defendant subjected Plaintiff.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII
## (Not Against Individual Defendants)

38. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as if fully set forth at length.

39. Title VII states in relevant part as follows: SEC. 2000e-2. [Section 703] (a) Employer practices, It shall be an unlawful employment practice for an employer - (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; . . .

40. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by allowing gender discrimination, sexual orientation discrimination, and a hostile work environment.

## AS A SECOND CAUSE OF ACTION
## FOR RETALIATION UNDER TITLE VII
## (Not Against Individual Defendants)

41. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as if fully set forth at length.

42. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer:

    "(1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

43. Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e et seq. by retaliating against Plaintiff with respect to the terms, conditions or privileges of employment because of Plaintiff's opposition to the unlawful employment practices of Defendants.

**AS A THIRD CAUSE OF ACTION
FOR DISCRIMINATION UNDER
NEW YORK STATE LAW
(Against All Defendants)**

44. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as if fully set forth at length.

45. Executive Law §296 provides that "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in

compensation or in terms, conditions or privileges of employment."

46. Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of his gender, sexual orientation, and creating a hostile work environment.

47. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York State Executive Law § 296.

### AS A FOURTH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER
### NEW YORK STATE LAW
### (Against All Defendants)

48. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as if fully set forth at length.

49. New York State Executive Law §296(6) further provides that "It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so."

50. Defendants engaged in an unlawful discriminatory practice by aiding, abetting, compelling and/or coercing the discriminatory behavior as stated herein.

### AS AN FIFTH CAUSE OF ACTION
### FOR RETALIATION UNDER
### NEW YORK STATE LAW
### (Against All Defendants)

51. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as if fully set forth at length.

52. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory

practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

53. Defendants engaged in an unlawful discriminatory practice by wrongfully retaliating against the Plaintiff.

## AS A SIXTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE
## (Against All Defendants)

54. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as if fully set forth at length.

55. The Administrative Code of City of NY §8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienate or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

56. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, by creating and maintaining discriminatory working conditions and a hostile work environment, and otherwise discriminating against Plaintiff because of his gender, sexual orientation, and creating a hostile work environment.

57. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York City Administrative Code Title 8.

### AS A SEVENTH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER
### THE NEW YORK CITY ADMINISTRATIVE CODE
### (Against All Defendants)

58. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as if fully set forth at length.

59. The New York City Administrative Code Tide 8, §8-107(1)(e) provides that it shall be unlawful discriminatory practice: "For an employer . . , to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter. . . "

60. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Tide 8, §8-107(1) (e) by discriminating against Plaintiff because of his opposition to the unlawful employment practices of Plaintiffs' employer.

### AS AN EIGTH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER
### THE NEW YORK CITY ADMINISTRATIVE CODE
### (Against All Defendants)

61. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as is fully set forth at length.

62. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

63. Defendants engaged in an unlawful discriminatory practice in violation of New York City

Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

**AS A NINTH CAUSE OF ACTION
FOR DISCRIMINATION UNDER
THE NEW YORK CITY ADMINISTRATIVE CODE
(Against All Defendants)**

64. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as if fully set forth at length.

65. Section 8-107(19), entitled Interference With Protected Rights provides that "It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section."

66. Defendants violated the above section as set forth herein.

**AS A TENTH CAUSE OF ACTION
FOR DISCRIMINATION UNDER
THE NEW YORK CITY ADMINISTRATIVE CODE
(Against All Defendants)**

67. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as is fully set forth at length.

68. Section 8-107(13) entitled Employer Liability for Discriminatory Conduct by Employee,

agent or independent contractor provides "An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section." b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where: (1) the employee or agent exercised managerial or supervisory responsibility; or (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

69. Defendants violated the above section as set forth herein.

**WHEREFORE**, Plaintiff demands judgment against all Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues to be tried.

Dated: June 24, 2019
      New York, New York

                                    Respectfully Submitted,

                                    **DEREK SMITH LAW GROUP, PLLC**

                                    */s/ Alexander G. Cabeceiras*
                                    Alexander G. Cabeceiras, Esq.
                                    One Penn Plaza, Suite 4905
                                    New York, NY 10119